UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOE DELANO WALCKER III,

                              Plaintiff,

v.                                                                    5:17-cv-889
                                                                          (TJM/TWD)

TRUEX & HOVEY, RICHARD D. HOVEY, and
CAROL HOVEY,

                              Defendants.
_____

APPEARANCES:

JOE DELANO WALCKER III
Plaintiff, *pro se*
8597 Woodsboro Drive
Baldwinsville, NY 13027

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court a complaint and an application to proceed *in forma pauperis* ("IFP Application") submitted by Plaintiff Joe Delano Walcker III against Defendants Truex & Hovey, Richard D. Hovey, and Carol Hovey. (Dkt. Nos. 1, 2.)

**I.    IFP APPLICATION**

      A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application, the Court finds that he meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

## II. LEGAL STANDARD FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal

Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id.* (internal quotation marks and citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In addition, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts have an independent obligation to resolve any doubt over whether they have subject matter jurisdiction over a case. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (2004). Determining the existence of subject matter jurisdiction is a threshold inquiry. *See* Fed. R. Civ. 12(h)(3) ("if the court determines at any time that it lacks subject matter jurisdiction, the

court must dismiss the action."); *see also United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 163, 170-71 (2d Cir. 2003) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution."). Therefore, the Court's initial review under 28 U.S.C. § 1915(e) must include consideration of whether the court has subject matter jurisdiction over the plaintiff's claims. *See, e.g.*, *Smith ex. rel. Bey v. Kelly*, No. 12-CV-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)[1] (court is obligated to analyze whether subject matter jurisdiction exists as a part of § 1915(e) initial review and to dismiss the complaint when subject matter jurisdiction is found lacking).

## III. COMPLAINT

This action involves a real property dispute between private actors. (Dkt. No. 1.) Plaintiff has utilized a form *pro se* complaint for a civil action and checked the box indicating federal question jurisdiction. *Id*. at ¶ 11. At issue in this case, Plaintiff lists New York Penal Code §§ 190.60, 155.05, and 155.45. *Id*. Plaintiff's Statement of Claim is as follows:

> Looked at the house with Cristy she called Mr. Hovey, he said he would sell. I signed the tablet with a Stylus because that is how they do it for Internal Affairs agents. The amount of money agreed upon at the closing was withdrawn from my account at the Grand Cayman Bank, Cayman Island and deposited into Mr. Hoveys' account. The sale occurred the third week of February at 3077 Coriander Lane in Radisson. Approximately February seventeenth--eighteenth.

*Id*. at ¶ III (unaltered text).

As relief, Plaintiff seeks the "deed of the house at 3077 Coriander Lane, Baldwinsville, New York 13027, as it was paid for." *Id*. at ¶ IV. Plaintiff states that "at closing" he was told "an inspection needed to be done in the following weeks." *Id*. The inspection was performed on

---

[1] Copies of all unpublished decisions cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

4

March 24, 2017. *Id*. According to Plaintiff, Mr. Hovey agreed upon $70,000 U.S.D. for the non-finished house plus an additional amount for the remodeling to be finished. *Id*. After the sale, Mr. Bovey continued to ask Plaintiff "about improvements to the house, such as whether to the keep the gutters, the satellite dish and whether or not [Plaintiff] wanted the deck on the back of the house or not." *Id*.

## IV. ANALYSIS

Here, despite checking the box that this case is based on a federal question, Plaintiff has not properly invoked this Court's subject matter jurisdiction. The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented under § 1331 or when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 under § 1332. As set forth above, a federal court has an independent obligation to determine whether subject matter exists, even in the absence of a challenge to jurisdiction by a party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The allegations in Plaintiff's complaint do not suggest a basis for federal question jurisdiction under § 1331. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in Plaintiff's complaint do not cite any federal authority as the basis for his claims, and the federal nature of Plaintiff's claims is not otherwise apparent, nor can it be inferred from the allegations in the complaint. To the contrary, Plaintiff has listed

5

"scheme to de-fraud in the second degree § 190.60," and "Larceny PEN" §§ 155.45, 155.05 as the "specific federal statutes . . . that are at issue in this case." (Dkt. No. 1 at ¶ II.A.)

The complaint also fails to allege a basis for diversity jurisdiction. To establish jurisdiction under § 1332, diversity must be complete. *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [is required] between all plaintiffs and all defendants.") Therefore, Plaintiff must allege that he and Defendants are citizens of different states. He has not done so, nor could he inasmuch as Plaintiff resides in New York, and Defendants also reside in New York. (Dkt. No. 1 at ¶ I.B.)

Based upon the forgoing, the Court finds that there is no federal jurisdiction over Plaintiff's claim and recommends that the complaint be dismissed for lack of subject matter jurisdiction.

Ordinarily, given Plaintiff's *pro se* status, the Court would recommend that he be given an opportunity to amend prior to an outright dismissal. *See Cuoco*, 222 F.3d at 112. However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the Court recommends dismissal without leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: September 13, 2017
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**2012 WL 1898944**
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Matthew R. SMITH, ex rel. Kasiin Ali BEY, Plaintiff,
v.
Chris Ann KELLY, Defendant.

No. 12–CV–2319 (JS)(AKT).
|
May 24, 2012.

**Attorneys and Law Firms**

Matthew R. Smith, Ex Rel., Kasiin Ali Bey, Central Islip, NY, pro se.

No Appearance, for Defendant.

*ORDER*

SEYBERT, District Judge.

 **\*1** Before the Court is the fee paid Complaint of *pro se* plaintiff Matthew R. Smith, ex rel. Kasiin Ali Bey ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 against the defendant, Hon. Chris Ann Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District (the "Defendant").[1] Notwithstanding Plaintiff's payment of the filing fee, for the reasons that follow, the Plaintiff's Complaint is *sua sponte* DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

[1] The correct spelling of Judge Kelley's last name includes the letter "e" before the "y". Plaintiff is inconsistent in the spelling of this name, sometimes it is "Kelly" and elsewhere it is "Kelley." To avoid any confusion, the Court corrects the spelling of Judge Kelley's name in the caption and the Clerk of the Court is directed to so amend the caption.

*BACKGROUND*

Plaintiff, who is alleged to be of Moorish–American nationality, seeks to recover monetary damages allegedly incurred as a result of being ordered by Judge Kelley to submit to a mental health examination on May 11, 2012. As the Court can best discern, Plaintiff is defending himself in an on-going criminal prosecution in the Suffolk County District Court. According to the Complaint, during an appearance before Judge Kelley on May 4, 2012, Plaintiff was ordered to undergo a mental evaluation. Plaintiff describes that, under the authority of the "Zodiac Constitution," and in accordance with the "Peace and Friendship Treaty of 1836," the state court lacks jurisdiction over him given that he is a Moorish–American.

According to the Complaint, Plaintiff requested that Judge Kelley provide Plaintiff with a "citation of authority to presume jurisdiction over a Moorish American and to state the court's jurisdiction for the record." Compl. at ¶ 5. Plaintiff alleges that Judge Kelley failed to do so and therefore now Plaintiff "demand[s] [that] all proceedings cease until CHRIS ANN KELLEY properly established jurisdiction for the record." Compl. at ¶ 6. Plaintiff seeks to recover $100,000.00 for "libel" as well as $800 .00 for "filing, service and handling" and "daily interest for enduring encumbrance of the present libel" of $1,000.00 per day.

*DISCUSSION*

I. *Standard of Review*

A district court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (i-iii); *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007). Regardless of whether a plaintiff has paid the filing fee, a district court should dismiss a complaint, sua *sponte,* if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir.2000). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

An action is "frivolous" when either: (1) " 'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.' " *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998) (internal citations omitted). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is

**Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)**

2012 WL 1898944

required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Chavis v. Chappius,* 618 F.3d 162 (2d Cir.2010), and to construe them " 'to raise the strongest arguments that [they] suggest [ ].' " *Chavis,* 618 F.3d at 170 (quoting *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir.2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir.2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)); *see, also Jackson v. Birmingham Board of Education,* 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

**\*2** Further, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). There is an independent obligation for a federal court to "determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citation omitted). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Fed.R.Civ.P. 12(h)(3).

II. *Application*
Having carefully reviewed Plaintiff's Complaint, the Court finds that it fails to state a plausible claim. As a threshold matter, Plaintiff has not properly invoked this Court's subject matter jurisdiction. Plaintiff has not alleged a federal question nor has he satisfied the diversity requirement because Plaintiff, an alleged New York resident, seeks to sue a New York Defendant, namely Judge Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District.

Even if the Court's subject matter jurisdiction were established, which it is not, the Complaint must be dismissed because it is frivolous. Liberally read, *see Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed. 163 (1980), the gravamen of Plaintiff's Complaint is that he is not subject to the jurisdiction of the New York state court and therefore does not have to comply with the order entered by Judge Kelley. The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty,* No. 12–CV–1241(ENV), 2012 WL 1634161, \*1 n. 1 (E.D.N.Y. May 9, 2012) (citing *Bey v. Am. Tax Funding,* No. 11–CV–6458, 2012 WL 1495368, at \*6 (W.D.N.Y. Apr. 27, 2012); *Gordon v. Deutsche Bank,* No. 11–CV–5090, 2011 WL 5325399, at \*1 n. 1 (E.D.N.Y. Nov. 3, 2011); *see, also Bey v. City of Rochester,* 2012 WL 1565636, at \*8 (W.D.N.Y. Apr. 30, 2012) (citing *El–Bey v. North Carolina,* No. 5:11–CV–0423FL, 2012 WL 368374, at \*2 (E.D.N.C. Jan. 9, 2012) (unpublished) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012) (unpublished); *Bey v. American Tax Funding,* No. 11–CV–6458(CJS), 2012 WL 1498368, at \*6 (W.D.N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); *Gordon v. Deutsche Bank Nat. Trust Co.,* No. 11–CV–5090 (WFK), 2011 WL 5325399, \*1, n. 1 (E.D.N.Y. Nov. 3, 2011) ("Plaintiff's suggestion that as a member of the 'Moorish–American" nation he is immune from the laws of the United States is misguided") (citing *Bey v. Bailey,* No. 09–CV–8416, 2010 WL 1531172, at \*4 (S.D.N.Y.Apr.15, 2010) ("petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish–American' nation is without merit ....") (add'l citation omitted).

**\*3** Because the Court is required to dismiss a civil action "at any time of the court determines that ... the action ... is frivolous," Plaintiff's Complaint is dismissed. The instant Complaint is clearly frivolous given Plaintiff's claim that he is not subject to the jurisdiction of the New York state court because he is a Moorish American. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a claim is "frivolous" if it lacks an arguable basis in either law or fact). Clearly, the allegations in the instant Complaint are based upon an indisputably meritless legal theory and are thus dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)B)(i).

Even if the Plaintiff's claims were not frivolous, Plaintiff cannot recover damages from the Defendant, a sitting New York State Court Judge, Suffolk County District Court, since as a judge, she is entitled to absolute judicial immunity as well Eleventh Amendment Immunity. *Mahapatra v. Comstock,* 141 F.3d 1152 (2d Cir.1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity [because] [j]udges are shielded from liability for civil damages for judicial acts performed in their judicial capacities.") (citing *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 53–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Given that the Complaint is based on an indisputably meritless legal theory, the Court declines to afford Plaintiff leave to amend his Complaint, as any amendment would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in *forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

## CONCLUSION

For the reasons set forth above, the Complaint is *sua sponte* dismissed with prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1898944

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 235523
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Loriann DEUEL and Lorraine Deuel, Plaintiffs,
v.
Frank T. DALTON; State of New York; New York State Unified Court System; Philip J. Danaher, Esq., as the attorney appointed to act as Law Guardian for BMD; Catherine Cholakis, as the presiding justice of the Family Court assigned to this proceeding; John & Jane Does 1–100, whose identities may or may not be known but necessary parties to these proceedings; ABC Corp's 1–100, those entities whose identities are currently unknown, but necessary parties to these proceedings, Defendants.

No. 1:11–CV–0637 (GTS/RFT).
|
Jan. 25, 2012.

**Attorneys and Law Firms**

Loriann and Lorraine Deuel, Unionville, TN, pro se.

### *DECISION and ORDER*

Hon. GLENN T. SUDDABY, District Judge.

 *1 Currently before the Court, in this *pro se* civil rights action filed by Loriann Deuel and Lorraine Deuel ("Plaintiffs") against the above-captioned defendants (together "Defendants"), are (1) United States Magistrate Judge Randolph F. Treece's Report–Recommendation recommending that Plaintiff's Complaint be dismissed, and (2) Plaintiffs' Objections to that Report–Recommendation. (Dkt.Nos.4, 5.) For the following reasons, the Report–Recommendation is accepted and adopted, and Plaintiffs' Complaint is dismissed.

### I. RELEVANT BACKGROUND

#### A. Plaintiffs' Complaint

On June 8, 2011, Plaintiffs filed their Complaint in this action. (Dkt. No. 1.) Generally, in their Complaint, Plaintiffs allege that Defendants violated their constitutional right to due process and equal protection under 42 U.S.C. § 1983 in connection with various custody proceedings involving Plaintiff Loriann's minor child, BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special liberality, Plaintiffs' Complaint asserts the following six claims against Defendants: (1) Defendants New York State Unified Court System and Cholakis violated, and/or conspired to violate, Plaintiffs' due process rights under the Fourteenth Amendment by, *inter alia,* improperly (a) exercising jurisdiction over Plaintiffs during various custody proceedings from 2002 to 2004, where no such jurisdiction existed, (b) failing to notify her of various of those court proceedings, (c) holding various of those proceedings in her absence, and (d) awarding Defendant Dalton custody of BMD, even though Defendant Dalton had not established paternity; (2) Defendants New York State Unified Court System and Cholakis violated, and/or conspired to violate, Plaintiffs' equal protection rights under the Fourteenth Amendment by denying Plaintiffs their parental and familial rights; (3) Defendants New York State Unified Court System, Cholakis and Danaher committed, and/or conspired to commit, fraud against Plaintiffs; (4) Defendants New York State Unified Court System, Cholakis and Danaher suborned, and/or conspired to suborn, perjury by Defendant Dalton; (5) Defendant Cholakis, New York State Family Court Judge committed judicial misconduct against Plaintiffs; and (6) Defendant Danaher committed professional misconduct against Plaintiffs. (Dkt. No. 1 at 30–34.)

For a more detailed recitation of Plaintiffs' claims, and the factual allegations giving rise to those claims, reference is made to Plaintiffs' Complaint and Magistrate Judge Treece's Report–Recommendation in their entireties. (Dkt.Nos.1, 4.)

 **B. Magistrate Judge Treece's Report–Recommendation**
On July 19, 2011, Magistrate Judge Treece issued a Report–Recommendation recommending that Plaintiffs' Complaint be dismissed for the following reasons: (1) the Court lacks subject-matter jurisdiction over domestic relations matters, including those related to child custody; (2) Plaintiffs' claims are barred by the applicable statute of limitations; and (3) Plaintiff has failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). (*See generally* Dkt. No. 4.)

### C. Plaintiffs' Objections to the Report–Recommendation

*2 On August 1, 2011, Plaintiffs filed their Objections to the Report–Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review Governing a Report–Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). [1] When performing such a *de novo* review, the Court "may ... receive further evidence...." 28 U.S.C. § 636(b) (1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2]

[1]   See also *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   See *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed.R.Civ.P. 72(b)(2) and (3); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review. [4] Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [5]

3   See also *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999); *Vargas v. Keane,* 93–CV–7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd,* 86 F.3d 1273 (2d Cir.), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996).

4   See *Mario,* 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted by the magistrate judge); *accord, Praileau v. Cnty. of Schenectady,* 09–CV–0924, 2010 WL 3761902, at *1, n. 1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07–CV–1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole,* 04–CV–0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

5   See also *Batista v. Walker,* 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." [internal quotations marks omitted.] ).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C).

### B. Legal Authority for Reviewing a Complaint *Sua Sponte*

*3   Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed.R.Civ.P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that action"; (2) 28 U.S.C. § 1915(e)(2) (B), which provides that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that—... the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as barred by the applicable statute of limitation may fall within the ambit of the Court's power to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). [6] In addition, the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). [7]

6   See *Pino v. Ryan,* 49 F.3d 51, 54 (2d Cir.1995) ("Nothing ... suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of te complaint."); *accord, Pratts v. Coombe,* 49 F. App'x 392, 393 (2d Cir.2003).

7   See *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e] ); *Buckenberger v. Reed,* 10–CV–0856, 2010 WL 1552672, at *1 (E.D.La. Mar.16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell,* 09–CV–0466, 2010 WL 653798, at *2–3 (S.D.Ala. Feb.18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn,* 06–CV–0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun.7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow,* 06–CV–12814, 2006 WL 2160934, at *1 (E.D.Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen,* 95–CV–2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul.11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez,* 504 U.S. 25, 30, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing

Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also is well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).[8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir.1991) .[9]

[8] The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky,* 24 F. App'x 26, 28 (2d Cir.2001).

[9] The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata,* and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,'

regarding the matters at issue in the second suit." *Id. at 124.*

### C. Legal Standard Governing Dismissal Based on Lack of Subject–Matter Jurisdiction

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report–Recommendation. (Dkt. No. 4 at 2–3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### D. Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations

 *4 Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report–Recommendation. (Dkt. No. 4 at 3–4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### E. Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed.R.Civ.P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson,* 549 F.Supp.2d at 212, n. 20 (citing Supreme

Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." Jackson, 549 F.Supp.2d at 212, n .17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. Jackson, 549 F.Supp.2d at 212, n. 18 (citing Supreme Court cases); Rusyniak v. Gensini, 629 F.Supp.2d 203, 213 & n. 32 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed.2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. Rusyniak, 629 F. Supp .2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–52, 173 L.Ed.2d 868 (2009).

**\*5** Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S.Ct. at 1968–69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. Id. at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." Id. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* it "does not impose a probability requirement." Twombly, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Iqbal, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

**\*6** This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12. [10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. [11] Stated more simply, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." Jackson, 549 F.Supp.2d at 214, n. 28 [citations omitted]. [12]

10  See *Vega v. Artus,* 610 F.Supp.2d 185, 196 & nn. 8–9 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

11  See *Vega,* 610 F.Supp.2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

12  It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific* facts are not necessary" to successfully state a claim under Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. See *Rusyniak,* 629 F.Supp.2d at 214 & n. 35 (explaining holding in *Erickson* ).

### F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1551 (11th Cir.1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn,* 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson,* 361 F. App'x 225, 226 (2d Cir.2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class). [13] There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis,* 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. [14]

13  See also *Flemming v. Wurzberger,* 322 F. App'x 69, 71 (2d Cir.2009); *Curtis,* 226 F.3d at 138.

14  See also *Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (*en banc* ).

### G. Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286–87 (2d Cir.2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 [1981] )*, overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir.2002).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir.2007); *Marvel,* 310 F.3d at 288–89.

### III. ANALYSIS

*7 As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the

action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report–Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (*See generally* Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1) (C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report–Recommendation to which they object, they fail to provide any legal basis for the objection. (*See generally* Dkt. No. 5 at 4–6 .) As a result, the Court reviews that portion of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object for only clear error. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report–Recommendation to the appropriate level of review, the Court finds no error in the Report–Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report–Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report–Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a *de novo* review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

**\*8** Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) *Deuel v. Dalton,* 06–CV–0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) *Deuel v. Dalton,* 11–CV–0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice,[15] the second of these two actions is still pending in the Middle District of Tennessee-contributing to the waste of judicial resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel.[16] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. *Deuel v. Dalton,* 11–CV–0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

| | |
|---|---|
| 15 | *Deuel v. Dalton,* 06–CV–0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). See also *Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir.1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."). |
| 16 | For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1–100, and ABC Corp's 1–100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, *inter alia,* the unfavorable rulings Plaintiff Loriann Deuel received in child-custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. *See Deuel v. Dalton,* 11–CV–0466, Complaint, at 4–5, 9–12, 15–18, 30–32 (M.D. Tenn. filed May 16, 2011). |

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity.[17] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly

suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1–100 and ABC Corp's 1–100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this action (or even that she bears any familial or custodial relationship to BMD). (*Id.*) [18] Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel. As a result, this action is dismissed based also on this alternative ground.

[17]    The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

[18]    The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision" is simply not sufficient to state the claims in question. (Dkt. No. 5, at 6.)

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in Plaintiff's Complaint are substantive rather than formal. [19] As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them. [20]

[19]    For example, lack of subject-matter jurisdiction and the expiration of the statute of limitations are substantive defects. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile."); *Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir.2000) ( "Amendment would likely be futile if ... the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation,* 303 F.Supp.2d 385, 390 (S.D.N.Y.2004).

[20]    *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

*The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.*

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 235523

---

**End of Document**                                                            © 2017 Thomson Reuters. No claim to original U.S. Government Works.